# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TARA L. MCDONALD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-374-GKF-PJC |
| ) | |
| STANLEY GLANZ, SHERIFF OF ) | |
| TULSA COUNTY, in his official and ) | |
| individual capacities; and ) | |
| BOARD OF COUNTY COMMISSIONERS ) | |
| OF TULSA COUNTY, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the court is Motion to Dismiss [Dkt. #8] of defendants Stanley Glanz, Sheriff of

Tulsa County ("Glanz") and the Board of County Commissioners of Tulsa County ("Board").

Plaintiff, a former detention officer with the Tulsa County Sheriff's Office, filed suit in Tulsa

County District Court, asserting claims of disability discrimination in violation of the Americans

With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.,* race and disability discrimination in

violation of 42 U.S.C. § 1983, and disparate treatment race discrimination in violation of Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000c, et seq., [Dkt. #2, Ex. 1,

Petition].  Defendants removed the case to federal court pursuant to 28 U.S.C. §§ 1331, 1441 and

1446.  [Dkt. #2, Notice of Removal].  Defendants seek dismissal of all claims against them

pursuant to Fed.R.Civ.P. 12(b)(6).

## I. Allegations of the Complaint

Plaintiff, an African-American female, began working as a detention officer for defendants on April 17, 2006. [Dkt. #2, Ex. 1, ¶11]. During her employment, she underwent surgery for a work related cumulative injury. [*Id.,* ¶12]. After exhausting her FMLA leave and returning to work, she informed Human Resources of her permanent restrictions and her need for accommodation, specifically that "[p]laintiff was limited in certain areas involving major life activities such as walking and standing" and "she needed to be able to work at a desk job and was aware of available positions." [*Id.,* ¶13]. Plaintiff alleges she was informed there was no light duty available and she would be terminated. [*Id.,* ¶14]. However, she was aware of a number of Caucasian employees with permanent restrictions who were given desk jobs to accommodate their disabilities and restrictions. [*Id.*]. Plaintiff was terminated on August 3, 2011. [*Id.,* ¶16].

With respect to her ADA claim, plaintiff alleges she "has impairments to her body that affect major life activities within the meaning of the ADA," that she "informed [d]efendants of her conditions, and that [d]efendants failed to provide reasonable accommodations of any kind." [*Id.*, ¶¶21-22]. She alleges "[t]he effect of the practices complained above has been to deprive the [p]laintiff of equal employment opportunities, because of [p]laintiff's disabilities and/or the perception of her disabilities." [*Id.,* ¶¶23]. She seeks back pay and benefits, front pay until normal retirement, compensatory damages for non-pecuniary losses including mental anguish pain and suffering and equitable relief.

Regarding the Section 1983 claim, she alleges Glanz "was aware of widespread complaints of African Americans regarding difference in treatment on the basis of race, like those of [p]laintiff" and "was further aware that his subordinates, supervisors of the Sheriff's

department, failed to remedy the discrimination and disparate treatment." [*Id.,* ¶27].  She alleges

Glanz "promulgated the 'no light duty' policy and implemented it, causing the [p]laintiff's

termination" and "[a]s such, defendant Glanz himself, intentionally or with reckless indifference,

failed to remedy the difference in treatment on the basis of race as well as the failure to

accommodate the [p]laintiff's disability." [*Id.,* ¶27].  Further, she contends Glanz "imposed

unlawful disciplinary practices, based on race and disability, intentionally or through reckless

indifference."  [*Id.,* ¶29.  Plaintiff alleges violations of her First, Thirteenth and Fourteenth

Amendment rights. [*Id.,* ¶¶30-32].  She seeks back pay and benefits, front pay, compensatory

and punitive damages and injunctive relief.

In her third cause of action, plaintiff alleges "[b]y treating the [p]laintiff differently than

similarly-situated Caucasian employees with regard to job assignments and termination, the

[d]efendants have violated Title VII."  [*Id.,* ¶35].  She seeks back pay and benefits, front pay and

compensatory damages.

## II. Applicable Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must

contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

The United States Supreme Court clarified this standard in *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 570 (2007), ruling that to withstand a motion to dismiss, a complaint must contain

enough allegations of fact "to state a claim to relief that is plausible on its face." 550 U.S. 544,

570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* at 556.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to

relief requires more than labels and conclusions, and a formulaic recitation of the  elements of a

cause of action will not do." *Id.* at 555 (internal quotations omitted).   On a motion to dismiss,

courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

Under the *Twombly* standard, "the complaint must give the court reason to believe that *this*

plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v.*

*Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008), quoting *Ridge at Red Hawk, L.L.C. v.*

*Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).   "The burden is on the

plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she

is entitled to relief." *Robbins*, 519 F.3d at 1247, citing *Twombly*, 127 S.Ct. at 1965 (internal

quotations omitted).   "Factual allegations must be enough to raise a right to relief above the

speculative level." *Id*.

Although the new *Twombly* standard is "less than pellucid," the Tenth Circuit Court of

Appeals has interpreted it as a middle ground between "heightened fact pleading," which is

expressly rejected, and complaints that are no more than "labels and conclusions," which courts

should not allow.  *Robbins*, 519 F.3d at 1247, citing *Twombly*, 127 S.Ct. at 1964, 1965, 1974.

Accepting the allegations as true, they must establish that the plaintiff plausibly, and not just

speculatively, has a claim for relief.  *Robbins*, 519 F.3d at 1247.   "This requirement of

plausibility serves not only to weed out claims that do not (in the absence of additional

allegations) have a reasonable prospect of success, but also to inform the defendants of the actual

grounds of the claim against them." *Id*. at 1248.  The Tenth Circuit Court of Appeals instructed

in *Robbins* that "the degree of specificity necessary to establish plausibility and fair notice, and

therefore the need to include sufficient factual allegations, depends on context. . . .[and] the type

of case." *Id*. (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 231-32 (3d Cir. 2008)).  A

simple negligence action may require significantly less allegations to state a claim under Rule 8 than a case alleging anti-trust violations (as in *Twombly*) or constitutional violations (as in *Robbins*).  *Id.*

### III. Analysis

### A. ADA Claim

To state a claim for ADA discrimination, plaintiff must allege that: (1) she is a disabled person within the meaning of the ADA; (2) she is "qualified," i.e., that she is able to perform the essential functions of the job, with or without reasonable accommodation; and (3) the employer terminated her employment under circumstances which give rise to an inference that the termination was based on her disability. *Morgan v. Hilti, Inc.,* 108 F.3d 1319 (10th Cir. 1997).

A "disability" for purposes of the ADA consists of "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment…." 42 U.S.C. § 12102(1).  The Tenth Circuit has found that this definition contains three elements.  *Doebele v. Sprint/United Management Co.,* 342 F.3d 1117, 1129 (10th Cir. 2003).  "First, the plaintiff must have a recognized impairment; second, the plaintiff must identify one or more appropriate major life activities; and third, the plaintiff must show that the impairment substantially limits one or more of those activities." *Id.* "The plaintiff 'must articulate with precision the impairment alleged and the major life activity affected by that impairment.'"  *Id.* (quoting *Poindexter v. Atchison, Topeka & Santa Fe Ry.,* 168 F.3d 1228, 1232 (10th Cir. 1999).

Plaintiff's petition alleges plaintiff has an impairment and is limited in major life activities such as walking and standing.  However, it fails to describe with any particularity the impairment or disability alleged.  Further, the petition is devoid of even conclusory allegations

that plaintiff is "qualified" or can perform the essential functions of her job as a detention officer with or without reasonable accommodation, much less an factual allegations supporting such conclusions. Therefore, the ADA claim must be dismissed for failure to meet *Twombly* pleading standards.

Plaintiff will be permitted to file an amended complaint to attempt to rectify the deficiencies of her ADA claim.

### B. Section 1983 Claim

Defendants moved for dismissal of the Section 1983 claim in its entirety. Plaintiff, in her response, did not object to defendants' motion with respect to the claim.

In order to maintain a claim of supervisory liability under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts to show that she may plausibly establish "(1) the defendant promulgated, created, or implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the complained of constitutional deprivation." *Dodds v. Richardson,* 614 F.3d 1185, 1199 (10th Cir. 2010). "[A]fter *Iqbal,* Plaintiff can no longer succeed on a § 1983 claim against Defendant by showing that as a supervisor he behaved knowingly or with 'deliberate indifference' that a constitutional violation would occur at the hands of his subordinates, unless that is the same state of mind required by a constitutional deprivation he alleges." *Id.* at 1204 (quotation and citation omitted). An official's "deliberate indifference to or knowledge and acquiescence in [his] subordinates' unconstitutional conduct or discriminatory animus, alone, [does] not amount to the state of mind required to establish . . . purposeful discrimination." *Id.* at 1198.

Because plaintiff alleges racial discrimination, she must plead and prove Glanz acted with "discriminatory purpose." Plaintiff alleges Glanz was aware of widespread complaints of racial discrimination against African Americans, was aware his subordinates failed to remedy the discrimination, promulgated and implemented a "no light duty" policy, and "as such … intentionally or with reckless indifference failed to remedy the difference in treatment on the basis of race."  [Petition, ¶27].  "Reckless indifference" clearly does not suffice to establish the required *mens rea* under *Iqbal* and *Dodd*.  Moreover, while the petition makes the conclusory allegation that Glanz acted "intentionally," the only factual allegation made in connection with this claim is that Glanz implemented a "no light duty" policy.  However, the light duty allegation does not support an inference that the Sheriff purposefully and intentionally engaged in racial discrimination.

The court concludes that plaintiff's Section 1983 claim should be dismissed and she will not be permitted to file an amended complaint with respect to this claim.

### C. Title VII Discrimination Claim

The basis of plaintiff's Title VII disparate treatment race discrimination claim is plaintiff's allegation that while "she was aware" that a number of Caucasian employees with permanent restrictions were given desk jobs to accommodate their disabilities and restrictions, her request for light duty was denied and she was terminated.  [Dkt. #2, ¶¶13-16].  However, the petition lacks sufficient factual allegations supporting the conclusory statement that Caucasian employees were treated differently,  as plaintiff's "awareness" may be wholly based on hearsay, and she has failed to identify the Caucasion employees who were treated differently.

Plaintiff's Title VII claim must be dismissed.  Plaintiff will be permitted to amend her complaint to attempt to remedy the deficiencies in the petition addressed above by identifying the Caucasian employees who were allegedly treated differently.

## IV. Conclusion

Defendants' Motion to Dismiss [Dkt. #8] is granted.  Plaintiff is granted leave to file an amended complaint on or before January 21, 2012, with respect to her ADA and Title VII claims. Plaintiff may not include the dismissed Section 1983 claim in the amended complaint.

ENTERED this 10th day of January, 2012.


GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT