**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TARA L. MCDONALD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-CV-374-GKF-PJC |
| | ) |
| STANLEY GLANZ, SHERIFF OF | ) |
| TULSA COUNTY, in his official and | ) |
| individual capacities, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the court is Motion to Dismiss [Dkt. #13] of defendant Stanley Glanz, Sheriff of Tulsa County ("Sheriff Glanz").

Plaintiff Tara L. McDonald ("McDonald"), a former detention officer with the Tulsa County Sheriff's Office, filed suit in Tulsa County District Court, asserting claims of disability discrimination in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.,* race and disability discrimination in violation of 42 U.S.C. § 1983, and disparate treatment race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000c, *et seq*. Defendants removed the case to federal court and moved to dismiss all claims against them pursuant to Fed.R.Civ.P. 12(b)(6). The court granted defendants' motion, but gave McDonald leave to file an Amended Complaint for ADA and Title VII discrimination. [Dkt. # 11]. After McDonald filed her Amended Complaint, the Board of

County Commissioners filed a motion to dismiss, which McDonald conceded, and the County Commissioners' motion was granted. [Dkt. ##14, 17, 20].

Sheriff Glanz also moved for dismissal pursuant to Fed.R.Civ.P. 12(b)(6). [Dkt. #13]. Additionally, he moved to strike McDonald's claim for punitive damages.[1]

## I. Allegations of the Amended Complaint

McDonald, an African-American female, began working as a detention officer for defendant on April 17, 2006. [Dkt. #12, Amended Complaint, ¶11]. During her employment, she "underwent surgery in July 2011 due to a work related cumulative injury to her knee, which substantially limited the Plaintiff's major life activities of walking and standing." [*Id.,* ¶13]. After exhausting her FMLA leave and returning to work, she informed Human Resources of her disability relating to her knee and her need for accommodations, specifically that "[p]laintiff was substantially limited in certain areas involving major life activities such as walking and standing;" she "is unable to walk or stand without an accommodation of sitting or assistance;" she "informed Human Resources that she needed to be able to work at a desk job and was aware of available positions." [*Id.,* ¶15]. She alleges "[t]here were certain desk jobs available for detention officers upon the Plaintiff's return to work" and "[w]ith this accommodation, the Plaintiff was able to perform the essential functions of her position as a detention officer." [*Id.*, ¶16]. McDonald alleges she "was informed that there was no light duty available and she would be terminated." [*Id.,* ¶17]. However, she was aware of a number of Caucasian employees with permanent restrictions who were given desk jobs to accommodate their disabilities and restrictions and who were not terminated. Specifically, "Gary Brown is a white male who was placed in master control in the front lobby after suffering an injury" and [t]his was a position that

---

[1] McDonald has conceded the punitive damage reference in ¶8 of the Amended Complaint should be stricken. [Dkt. #17 at 1, n. 1].

2

allowed one to sit." [*Id.*].  "Also, Bryan Ayers is a white male who was placed in a position in the Courthouse when he was unable to remain on patrol after an injury." [*Id.*].  McDonald alleges that "[b]ecause of the defendants' actions, the Plaintiff believes she was treated differently and terminated based on her race and disability due to defendants' failure to accommodate her and defendant's treatment of Plaintiff's similarly situated Caucasian coworkers."  [*Id.*, ¶18]. McDonald was terminated on August 3, 2011.  [*Id.,* ¶19].

With respect to her ADA claim, McDonald alleges she "has physiological impairments to her knee that substantially affect the major life activities of walking and standing within the meaning of the ADA, as amended;" that the ADA Amendments Act of 2008 ("ADAAA") applies to her ADA claims of failure to accommodate and wrongful termination because those actions took place in 2011; that she "informed Defendants of her conditions, requested a reasonable accommodation in the form of a desk job, which would allow her to sit, and the Defendants failed to provide reasonable accommodations of any kind, instead, terminating her employment despite the Plaintiff being qualified to perform the essential functions of her job." [*Id.*, ¶¶24-25, 27].  She alleges "[t]he effect of the practices complained above has been to deprive the Plaintiff of equal employment opportunities, because of Plaintiff's disabilities and/or the perception of her disabilities." [*Id.,* ¶28]. She seeks back pay and benefits, front pay until normal retirement, compensatory damages for non-pecuniary losses including mental anguish pain and suffering and equitable relief.

With respect to her Title VII disparate treatment claim, plaintiff alleges, "By treating the Plaintiff differently than similarly situated Caucasian employees, as described above, with regard to job assignments and termination, the Defendants have violated Title VII of the Civil Right Act of 1964, as amended, 42 U.S.C. § 2000e, et seq." [*Id.*, ¶32].  She seeks back pay and benefits,

3

front pay until normal retirement, compensatory damages for non-pecuniary losses including mental anguish pain and suffering and equitable relief.

## II. Applicable Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court clarified this standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), ruling that to withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotations omitted). On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Under the *Twombly* standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008), quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247, citing *Twombly*, 127 S.Ct. at 1965 (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

Although the new *Twombly* standard is "less than pellucid," the Tenth Circuit Court of Appeals has interpreted it as a middle ground between "heightened fact pleading," which is expressly rejected, and complaints that are no more than "labels and conclusions," which courts should not allow. *Robbins*, 519 F.3d at 1247, citing *Twombly*, 127 S.Ct. at 1964, 1965, 1974. Accepting the allegations as true, they must establish that the plaintiff plausibly, and not just speculatively, has a claim for relief. *Robbins*, 519 F.3d at 1247. "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id*. at 1248. The Tenth Circuit Court of Appeals instructed in *Robbins* that "the degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context. . . .[and] the type of case." *Id*. (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 231-32 (3d Cir. 2008)). A simple negligence action may require significantly less allegations to state a claim under Rule 8 than a case alleging anti-trust violations (as in *Twombly*) or constitutional violations (as in *Robbins*). *Id*.

### III. Analysis

### A. ADA Claim

To state a claim for ADA discrimination, plaintiff must allege that: (1) she is a disabled person within the meaning of the ADA; (2) she is "qualified," i.e., that she is able to perform the essential functions of the job, with or without reasonable accommodation; and (3) the employer terminated her employment under circumstances which give rise to an inference that the termination was based on her disability. *Morgan v. Hilti, Inc.,* 108 F.3d 1319 (10th Cir. 1997).

A "disability" for purposes of the ADA consists of "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such impairment; or (C) being regarded as having such an impairment…." 42 U.S.C. § 12102(1). The Tenth Circuit has found that this definition contains three elements. *Doebele v. Sprint/United Management Co.,* 342 F.3d 1117, 1129 (10th Cir. 2003). "First, the plaintiff must have a recognized impairment; second, the plaintiff must identify one or more appropriate major life activities; and third, the plaintiff must show that the impairment substantially limits one or more of those activities." *Id.* "The plaintiff 'must articulate with precision the impairment alleged and the major life activity affected by that impairment.'" *Id.* (quoting *Poindexter v. Atchison, Topeka & Santa Fe Ry.,* 168 F.3d 1228, 1232 (10th Cir. 1999).

With respect to her ADA claim, McDonald's Amended Complaint is deficient in two respects. First, McDonald alleges "she underwent surgery in July 2011 due to a work related cumulative injury to her knee, which substantially limited the Plaintiff's major life activities of walking and standing." [Dkt. #12, ¶13]. It is unclear from this language whether the alleged impairment is recovery from surgery or a cumulative injury to the knee.[2] Second, although McDonald alleges defendant refused to accommodate her by assigning her to a desk job, she also states that "There were certain desk jobs available for detention officers upon the Plaintiff's return to work," and "With this accommodation, the Plaintiff *was able to perform* the essential functions of her position as a detention officer." [*Id.*, ¶16 (emphasis added)].

### B. Title VII Discrimination Claim

In order to state a claim for disparate treatment on the basis of race under Title VII, McDonald must allege (1) she belongs to a protected class; (2) she suffered an adverse

---

[2] Sheriff Glanz suggests the alleged impairment is recovery from knee surgery, which he contends is not a qualified disability under the ADAAA. Plaintiff, in response, asserts the impairment is the "work related cumulative injury to her knee"—rather than the surgery. [Dkt. #17 at 5].

employment action; and (3) "disparate treatment among similarly situated employees." *Carney v. City & Cnty of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008). Sheriff Glanz contends the amended complaint fails to allege facts sufficient to establish the third element—disparate treatment among similarly situated employees.

To show disparate treatment, McDonald must allege and prove she was similarly situated to the Caucasian employees "in all relevant respects." *McGowan v. City of Eufala*, 472 F.3d 736, 745 (10th Cir. 2006). "Similarly situated employees are those who deal with the same supervisor and are subject to the same standards governing performance evaluation and discipline." *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1404 (10th Cir. 1997).

The Amended Complaint alleges "Gary Brown is a white male who was placed in master control in the front lobby after suffering an injury and [t]his was a position that allowed one to sit," and "Bryan Ayers is a white male who was placed in a position in the Courthouse when he was unable to remain on patrol after an injury." [*Id.*]. The Amended Complaint does not, however, state the two men are detention officers, nor does it allege their job responsibilities were similar to McDonald's. Additionally, it fails to state whether they had the same supervisor as McDonald, the nature and/or severity of their impairments, or whether they returned to work while a "no light duty" policy was in effect. In short, the Amended Complaint fails to allege facts supporting a plausible Title VII disparate treatment claim.

## IV. Conclusion

For the foregoing reasons, Sheriff Glanz's Motion to Dismiss the Amended Complaint [Dkt. #13] is granted. McDonald is granted leave to file a Second Amended Complaint to correct the deficiencies identified above by July 8, 2013.

ENTERED this 27th day of June, 2013.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

8